**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


CHANDLER RYAN MOORE,     :
    Plaintiff,          :
                    :
    v.               :        CIVIL ACTION NO.
                    :        1:19-CV-0292-WMR
CHEROKEE COUNTY SUPERIOR  :
COURT,               :
    Defendant.       :

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant action be dismissed. [Doc. 10].   Plaintiff has filed his objections in response to the R&R. [Doc. 12].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations.   United States v. Raddatz, 447 U.S. 667, 680 (1980).   Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

Plaintiff, a pretrial detainee at the Cherokee County Adult Detention Center in Canton, Georgia, has filed the instant 42 U.S.C. § 1983 complaint asserting that his constitutional rights have been violated in connection with his ongoing criminal action.   In the R&R, the Magistrate Judge recommends that the complaint be dismissed because, (1) the Cherokee County Superior Court is not an entity subject to suit under § 1983, (2) the judges and prosecutors named as Defendants are immune from suit, and (3) Plaintiff's false arrest and illegal search claims against the sole remaining Defendant, a police officer, fail to allege that the officer lacked probable cause.   Moreover, Agent Dennis, the officer named as a Defendant, did not participate in Plaintiff's arrest or the purportedly illegal search of his vehicle.

In his objections, Plaintiff now asserts that the police officers who arrested him lacked probable cause for the arrest and the subsequent warrantless search of the vehicle he was driving.   However, the fact remains that, according to Plaintiff's narrative, Agent Dennis was not involved in his arrest or the search of the vehicle. Rather, Agent Dennis' role was limited to questioning Plaintiff after he was arrested.

Moreover, to the degree that this Court could construe the complaint to name the officers involved in the arrest and search, because Plaintiff's state criminal proceedings remain pending before the Cherokee County Superior Court, the abstention doctrine announced by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971) applies.   Under Younger, "abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Turner v. Broward Sheriff's Office, 542 Fed.Appx. 764, 766 (11th Cir. 2013).   "Under the Younger doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an 'embryonic stage and no contested matter [has] been decided.'" Id. (quoting For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir. 2002) (internal quotation marks omitted)).

Plaintiff's criminal action remains pending in state criminal court and implicates the State of Georgia's important interest in enforcing criminal law. Moreover, Plaintiff has an opportunity to challenge the legality of his seizure and

the search of the vehicle in the criminal action.   Accordingly, abstention is appropriate.   <u>See</u> <u>Turner</u>, 542 Fed. Appx. at 766-67 (affirming district court's conclusion that plaintiff's claims for false arrest and illegal detention were precluded by <u>Younger</u> where state criminal proceedings were still pending at the time federal suit was filed).

Accordingly, the R&R, [Doc. 10], is hereby **ADOPTED** as the order of this Court, and Plaintiff's claims against Defendants Cherokee County Superior Court, Douds, Baker, Harris, Drane, Wallace, and Smith are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Defendant Dennis are **DISMISSED WITHOUT PREJUDICE**.   The Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED**, this 10th day of April, 2019.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE